UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2009 NOV 13  P 12: 44

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| **Rodney Smith,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:09cv 1051 - mef |
| | ) | **Plaintiff Demands Jury Trial** |
| | ) | |
| **M&T Bank, Inc.,** a foreign corporation, **Magnolia** | ) | |
| **Financial, LLC,** a domestic limited liability | ) | |
| company, and **Chase Home Finance, LLC,** a | ) | |
| foreign limited liability company, | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

**COMES NOW** Plaintiff, by and through the undersigned, and would show unto this

Honorable Court as follows:

## PRELIMINARY STATEMENT

1.     This Complaint is brought by an individual consumer residing in this District who

entered into a real estate loan and mortgage (hereinafter referred to as "the Loan") with

Defendant M&T Bank, Inc (hereinafter referred to as "M&T" or "Defendant") the same

of which was originated by Defendant Magnolia Financial, LLC (hereinafter referred to

as "Magnolia" or "Defendant").  Subsequently, M & T assigned, conveyed or otherwise

transferred the Loan to Defendant Chase Home Finance, LLC (hereinafter referred to as

"Chase" or "Defendant").  Plaintiff's claims against Defendants arise under the federal

Truth in Lending Act (hereinafter referred to as "TILA"), 15 U.S.C. § 1601, *et seq.*, the

Real Estate Settlement Procedures Act (hereinafter referred to as "RESPA"), 12 U.S.C. §
2605, *et seq.*, and various state law causes of action.

2.      Plaintiff alleges that M & T and Magnolia failed to provide the disclosures required by
        TILA.  Specifically, these Defendants failed to provide adequate notice of Plaintiff's
        statutory right to cancel the transaction.  Furthermore, these Defendants failed to provide
        Plaintiff with notice at least three (3) business days before closing containing an adequate
        disclosure of the loan's annual percentage rate, finance charges, amount financed, total of
        payments and monthly payments.  Defendants failed to send these "Section 32" pre-
        closing notices to Plaintiff.  As a consequence of Defendants' failure to provide to
        Plaintiff adequate notices or disclosures, Plaintiff has been damaged.  Plaintiff seeks
        statutory and actual damages for Defendants' violations of TILA, plus attorney's fees and
        costs.

3.      Plaintiff alleges that M & T failed to provide the notice of assignment of Plaintiff's loan
        as required by RESPA.  Specifically, M & T failed to provide Plaintiff with notice of its
        assignment, conveyance or transfer of Plaintiff's loan or mortgage to Chase as required
        by 12 U.S.C. § 2605(b).  As a consequence of the failure to provide notice of such
        assignment, Plaintiff seeks statutory and actual damages, plus attorney's fees and costs.

4.      Plaintiff alleges that Defendants have committed various state torts including, but not
        limited to, negligence, negligence per se, negligent supervision, wantonness and
        wilfulness, harassment, misrepresentation, invasion of privacy, defamation and
        conversion.

Page 2

5.   Plaintiff alleges that, as the assignee of Plaintiff's original mortgage with M & T, Chase is liable to Plaintiff for the violations of M & T as stated herein.

6.   This Complaint seeks actual, compensatory, statutory and punitive damages, including injunctive and declaratory relief, brought by an individual consumer against Defendants, jointly and severally, for the aforesaid violations.

## JURISDICTION AND VENUE

7.   Jurisdiction of this Court arises under the TILA, 15 U.S.C. § 1640(e), RESPA, 12 U.S.C. § 2614, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of Alabama.

## PARTIES

8.   Plaintiff Rodney Smith (hereinafter referred to as "Plaintiff") is a natural person and a resident and citizen of Montgomery County, the state of Alabama, and of the United States.

9.   Magnolia Financial, LLC (hereinafter referred to as "Magnolia" or "Defendant"), formerly known as Magnolia Mortgage Company, LLC, is a domestic limited liability company which originated Plaintiff's real estate loan mortgage.

10.  Defendant M & T Bank, Inc. (hereinafter referred to as "M & T" or "Defendant") is a foreign corporation licensed to furnish credit to consumers within the state of Alabama.

At all times relevant hereto, M & T was engaged in the making and/or selling of federally related residential mortgage loans. M & T does business in this District by making, holding and/or selling loans secured by residential real property situated within this District.

11. Defendant Chase Home Finance, LLC (hereinafter referred to as "Chase" or "Defendant") is a foreign corporation licensed to furnish credit to consumers within the state of Alabama. At all times relevant hereto, Chase was engaged in the making and/or selling of federally related residential mortgage loans. Chase does business in this District by making, holding and/or selling loans secured by residential real property situated within this District.

### APPLICABLE TRUTH IN LENDING ACT REQUIREMENTS

12. Plaintiff's loan is subject to TILA, 15 U.S.C. § 1601, *et seq.*, and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions and, in addition, requires that certain disclosures be provided to the consumer prior to the consummation of the transaction.

13. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the latter of the following events: (1) the "consummation of the transaction", (2) the "delivery of the information and rescission forms" required by that section, or (3) delivery of accurate "material disclosures" required by the Act. Section 1635(a) requires that each borrower, or any other person whose home ownership interest may be compromised by a credit transaction, must receive *two* (2) copies of *completed* notices specifying the precise day

Page 4

upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1) (emphasis added). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f).

14.   A consumer may exercise the right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

15.   When a consumer rescinds a transaction, the security interest giving rise to the right to rescission immediately becomes void and the consumer is not liable for any amount, including any finance charges. 15 U.S.C. § 1635(b).

16.   Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received from the borrower, the borrower may have an obligation to tender the loan proceeds to the creditor to the extent practicable or equitable.

17.    The assignee of Plaintiff's mortgage is subject to Plaintiff's right of rescission pursuant
       to 15 U.S.C. § 1641(c).

18.    In addition to the aforesaid three-day notice disclosure,  TILA requires that the lender
       provide to the borrower specific disclosures regarding the transaction within what is
       referred to as a Truth in Lending Disclosure Statement. 15 U.S.C. § 1638(b); 12 C.F.R.
       226.17(b).

19.    "In a mortgage transaction subject to the Real Estate Settlement Procedures Act ... that is
       secured by the consumer's dwelling ... the creditor shall make good faith estimates of the
       disclosures required by § 226.18 and shall deliver or place them in the mail not later than
       the third business day after the creditor receives the consumer's written application." 12
       C.F.R. § 226.19(a).

20.    For each such transaction, the creditor shall disclose the identity of the creditor, amount
       financed, itemization of amount financed, finance charge, annual percentage rate,
       payment schedule, total of payments, prepayment, late payment, security interest,
       insurance and debt cancellation, certain security interest charges, contract reference,
       assumption policy and required deposit. 12. C.F.R. 226.18.

21.    A lender violates TILA by failing to "clearly and conspicuously" make the required
       disclosures in writing. 15 U.S.C. §1632(a); 12 C.F.R. 226.17(a).

**APPLICABLE REAL ESTATE SETTLEMENT PROCEDURES ACT REQUIREMENTS**

22.    Plaintiff's loan is subject to RESPA, 12 U.S.C. § 2601, *et seq.* which imposes specific
       requirements upon lenders in "federally related mortgage loan" transactions.  A

Page 6

"federally related mortgage loan" is "secured by a first ... lien on residential real property ... designed principally for the occupancy of from one to four families, including any such secured loan, the proceeds of which are used to prepay or pay off an existing loan secured by the same property..." 12 U.S.C. § 2602(a).

23.     In the event of a transfer of the mortgage, the transferor shall notify the mortgagor or borrower in writing of any assignment, sale, or transfer to any other person. 12 U.S.C. § 2605(b)(1). Such notice shall be provided to the "borrower not less than 15 days before the effective date of the transfer of the servicing of the mortgage loan." 12 U.S.C. § 2605(b)(2)(A).

24.     The requisite content of such notice is expounded within 12 U.S.C. § 2605(b)(3).

25.     "Whoever fails to comply with any provision of [Section 2605] shall be liable to the borrower for each such failure" in an amount equal to "any actual damages to the borrower as a result of the failure" and "any additional damages, as the court may allow, in the case of a patter or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000." 12 U.S.C. § 2605(f)(1). Furthermore, the prevailing party in such an action is entitled to "the costs of the action, together with any attorneys fees incurred in connection with such action as the court may determine to be reasonable with the circumstances." 12 U.S.C. § 2605(f)(3).

## **FACTUAL ALLEGATIONS**

26.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

27.     Prior to October 15, 2007, Plaintiff applied for a purchase money mortgage through
        Magnolia, the agent for M & T and the originator of the loan, on his property located at
        6088 Sherburn Road, Montgomery, Alabama 36116.

28.     On October 15, 2007, Plaintiff obtained the Loan with M & T in the amount of $75,900
        which was secured by a mortgage security interest in Plaintiff's home.

29.     Plaintiff denies that either Magnolia or M & T provided him with *any* right to cancel
        forms. At no point during or after the closing did these Defendants provide Plaintiff with
        *any* completed right to cancel forms.

30.     As a result thereof, Magnolia and M & T have violated TILA and Plaintiff has retained
        his right to cancel the transaction for an extended period of three (3) years.

31.     Prior to the closing, Plaintiff denies receiving any written pre-closing disclosures
        advising him of the terms, or even estimated terms, of the Loan. However, Plaintiff did
        receive a copy of such disclosures *during* the closing.

32.     Magnolia and M & T failed to provide Plaintiff with reasonably accurate estimates or
        complete information about his specific real estate loan in contravention of the express
        intent of TILA, 15 U.S.C. § 1601(a).

33.     On or around December 1, 2007, M & T assigned, conveyed, or otherwise transferred the
        Loan and Mortgage to Chase.

34.     Plaintiff denies receiving notice that M & T assigned, conveyed or otherwise transferred
        the Loan and Mortgage, or the servicing thereof, to Chase. Pursuant to TILA, M & T

was required to provide Plaintiff with at least fifteen (15) days notice of such assignment, consignment or otherwise transfer.

35.    Because M & T failed to notify Plaintiff of its assignment, conveyance or transfer of the Loan and Mortgage to Chase, Plaintiff continued to remit his monthly payments to M & T.  Plaintiff remitted payment for the months of December 2007, January 2008, and February 2008 to M & T.

36.    According to correspondence received from M & T, it forwarded the aforesaid payments for December 2007, January 2008, and February 2008 to Chase on December 28, 2007, February 2, 2008 and February 19, 2008, respectively.

37.    On or around April 18, 2008, via written correspondence to Plaintiff, Chase declared the Loan in default and, disturbingly, initiated foreclosure proceedings.  Based upon information and belief, Chase advertised the foreclosure of the Loan and Mortgage in at least one local newspaper.

38.    Subsequent to receiving such foreclosure notice and in fear of losing his home, Plaintiff retained the services of an attorney to assist with this matter.

39.    Plaintiff, by and through his then-attorney, immediately contacted both M & T and Chase regarding the payments Plaintiff had submitted to M & T for the aforesaid months.

40.    Initially, Chase denied receiving these payments from M & T.  However, when confronted with tracking verification that it had in fact received each of the packages, Chase acknowledged the same.  Notwithstanding, Chase denied receiving the three payments.  Incredibly, Chase has implied that M & T forwarded three (3) empty

Page 9

packages.

41.   Plaintiff contacted Western Union, the issuer of the checks for the referenced monthly
      payments, and learned that these checks had not been negotiated. At Plaintiff's request,
      Western Union forwarded to Plaintiff a refund check for the same which Plaintiff *again*
      remitted to Chase.

42.   Because M & T failed to notify Plaintiff of the assignment, conveyance or otherwise
      transfer of the Loan and Mortgage to Chase, Plaintiff's remittance was in accordance
      with the terms of the Loan and Mortgage.

43.   As stated *infra*, Chase received the envelopes containing these payments. However,
      presumably through negligence in its internal operating procedures or the lack of such
      procedures, Chase lost or misplaced the referenced checks.

44.   Beginning in or around March 2009, Chase began refusing to accept, although
      inconsistently, Plaintiff's monthly payments on the Loan. Pursuant to an acceleration
      clause within the Loan and Mortgage, Chase demanded that Plaintiff remit the entire
      balance on the Loan or face immediate foreclosure.

45.   Even though Chase refused to accept the payments referenced in the foregoing
      paragraphs, it did accept payments of $700 (02/01/08), $300 (02/09/08), $500 (04/17/08),
      $200 (04/17/08), $500 (05/15/08), $170 (05/15/08), $180 (06/26/08), $500 (06/26/08),
      $680 (07/18/08), and $670 (08/19/08). Since that time, Chase has sporadically accepted
      and applied payments to the Loan.

46.    In or around July 2009, by and through negotiations between the undersigned and the
       attorney for Chase, Chase agreed to reinstate the Loan on terms expressed within
       correspondence through Chase's counsel dated July 2, 2009.

47.    Pursuant to the terms of the aforesaid agreement, Plaintiff remitted the amount
       demanded. However, approximately one (1) month later, Chase returned to Plaintiff the
       remitted funds claiming that such funds were somehow insufficient to cure the alleged
       default.

48.    Notwithstanding the egregiousness of Chase's conduct, Plaintiff continues to remit the
       requisite monthly payment to Chase.

49.    At all times material and relevant hereto, Plaintiff's conduct has conformed to the
       dictates of the Loan and Mortgage that exists between Plaintiff and Chase.

50.    At all times material and relevant hereto, Plaintiff has been ready, willing and able to
       submit to Chase the requisite funds to cure this alleged default. In fact, as stated herein,
       Plaintiff has submitted the requisite funds only to have the same returned without any
       reasonable justification.

51.    Defendants are engaged in a pattern and practice of willfully and knowingly failing
       and/or refusing to provide accurate information to consumers to lure them into a series of
       decisions based upon the lack of such information.

52.    Defendant Chase is engaged in a pattern and practice of unlawfully foreclosing consumer
       loans without any reasonable justification.

Page 11

53.     As a result of Defendants' conduct, Plaintiff has suffered severe emotional distress,
        mental anguish, loss of sleep and been forced to retain the services of an attorney to
        prosecute this matter.

## COUNT ONE - NEGLIGENCE

54.     Plaintiff incorporates by reference each and every paragraph above as if fully set forth
        herein.

55.     Defendants were negligent in:

        a)      marketing, originating, processing, underwriting, and closing of the Loan and
                Mortgage;

        b)      performing quality control on the Loan and Mortgage during its origination,
                processing, underwriting, closing, funding and/or purchasing;

        c)      failing to provide Plaintiff with written pre-closing disclosure detailing 1) the
                three-day right of rescission and 2) the terms, or estimated terms, of the Loan;

        d)      misrepresenting and/or concealing the terms of the Loan and Mortgage;

        e)      managing, supervising, training and/or instructing their agents, representatives or
                employees in originating, processing, underwriting, closing and/or funding loans
                and mortgages; and

        f)      failing to promulgate, implement, communicate and/or enforce rules and
                procedures whereby applications obtained by their agents, employees and/or
                representatives were properly monitored, reviewed and/or verified.

56.   Although under no duty to do so, Defendants undertook to originate, process, close, fund, purchase and service the Loan and Mortgage.

57.   Defendants breached their legal, contractual and/or assumed duty of reasonable care to Plaintiff.  Defendants' conduct fell below the standard of care for mortgage lenders, brokers, and servicers.

58.   As a direct and proximate result of Defendants' conduct, Plaintiff has been caused  to suffer severe emotion and mental distress, mental anguish, loss of sleep, and forced to retain the service of an attorney to prosecute this matter.

## COUNT TWO - NEGLIGENT SUPERVISION

59.   Plaintiff incorporates by reference each and every paragraph above as if fully set forth herein.

60.   Defendants negligently trained and/or supervised their agents, representatives and/or employees.

61.   Defendants failed to promulgate, implement, communicate and enforce rules, systems and/or procedures which, if reasonable, would have prevented the wrongful conduct stated herein.

62.   Such conduct fell below the standard of care for mortgage lenders, brokers or servicers.

63.   As a direct and proximate result of Defendants' conduct, Plaintiff has been caused to suffer severe emotional and mental distress, mental anguish, loss of sleep, and has been forced to retain the services of an attorney to prosecute this matter.

## COUNT THREE - NEGLIGENCE PER SE

64.    Plaintiff incorporates by reference each and every paragraph above as if fully set forth
       herein.

65.    As stated herein, Defendants violated various provisions of TILA and RESPA.  These
       federal statutes are intended for the benefit of the special class of citizens to which
       Plaintiff belongs.

66.    Defendants' acts damaged Plaintiff and constitute negligence per se.

67.    As a direct and proximate result of Defendants' conduct, Plaintiff has been caused to
       suffer severe emotional and mental distress, mental anguish, loss of sleep, and has been
       forced to retain the services of an attorney to prosecute this matter.

## COUNT FOUR - VIOLATIONS OF THE TRUTH IN LENDING ACT

68.    Plaintiff incorporates by reference each and every paragraph above as if fully set forth
       herein.

69.    Defendants, through their agents, employees or representatives, violated or failed to
       comply with TILA, 15 U.S.C. § 1601, *et seq.*, and its implementing regulation Z by
       failing to provide complete, accurate, proper and timely disclosures.  Although not
       intended to be exhaustive of Defendants' violations of TILA, Plaintiff alleges that
       Defendants violated the following:

       a.    **Section 226.17(c)(1) Regulation Z:** Defendants failed to provide pre-closing
             disclosures that reasonably reflected the legal obligations between the parties;

       b.    **Section 226.17(a)(1) Regulation Z:** Defendants failed to provide Plaintiff with

copies of his final loan documents and terms in a form that he could maintain;

c.   **Section 226.17(c)(2)(i)(1) Regulation Z:** Defendants failed to make pre-closing disclosures based upon information reasonably available to them;

d.   **Section 226.17(c)(2)(i)(1) Official Staff Commentary to Regulation Z:** Defendants failed to use Good Faith and exercise reasonable due diligence in providing pre-closing disclosures to Plaintiff;

e.   **15 U.S.C. Section 1635(a); Section 226.2(a)(11); Section 226.23(a)(3); and Section 226.23(b)(1) of Regulation Z:** Defendants failed to provide the required number of accurately completed Right to Cancel forms to Plaintiff;

f.   **15 U.S.C. Section 1638(b)(2):** Defendants failed to provide pre-closing disclosures to Plaintiff within three (3) days of his initial application; and

g.   **Section 226.17(f)(4) Official Staff Commentary to Regulation Z:** Defendants failed to use Good Faith and exercise reasonable due diligence in providing pre-closing disclosures to Plaintiff.

70.   Plaintiff demands a monetary judgment against Defendants for the maximum statutory damages; actual damages including damages for mental anguish, emotional distress, humiliation, and embarrassment; the costs of this proceeding; and reasonable attorney's fees.

**COUNT FIVE - VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT**

71.   Plaintiff incorporates by reference each and every paragraph above as if fully set forth herein.

72.    The transaction at issue in this case is a federally related mortgage loan subject to the
       provisions of RESPA 12 U.S.C. § 2601, *et seq.*  M & T's misconduct, as alleged herein,
       derives from settlement services within the meaning of RESPA at 12 U.S.C. § 2602(3).

73.    M & T failed to notify Plaintiff in writing that it had assigned, conveyed or otherwise
       transferred Plaintiff's real estate loan and mortgage to Chase in violation of 12 U.S.C. §
       2605(b)(1).

74.    As the assignee of the Loan and Mortgage from M & T, Chase is liable for the aforesaid
       violations of RESPA.

75.    Because of M & T's failure to provide the requisite notice, Plaintiff continued to forward
       the monthly payments to M & T thus damaging Plaintiff and ultimately resulting in the
       instant litigation.

76.    Plaintiff demands judgment against M & T and Chase for the maximum statutory
       damages; actual damages including damages for mental anguish, emotional distress,
       humiliation, and embarrassment; the costs of this proceeding; and reasonable attorney's
       fees.

## COUNT SIX- INVASION OF PRIVACY

77.    Plaintiff incorporates by reference each and every paragraph above as if fully set forth
       herein.

78.    Chase's conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that
       it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and
       places Plaintiff in a false light in the eyes of those to whom the publications are made.

79. Chase's actions were done so maliciously, without privilege, and with a willful intent to injure Plaintiff.

80. As a proximate consequence of Chase's invasion of Plaintiff's privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SEVEN - DEFAMATION

81. Plaintiff incorporates by reference each and every paragraph above as if fully set forth herein.

82. Chase published false information about Plaintiff by reporting to one or more news papers that Plaintiff was in default on the Loan and Mortgage.

83. The publications and defamations were done so maliciously, without privilege, and with a willful intent to injure Plaintiff.

84. As a proximate consequence of Chase's false publishing, Plaintiff has been caused to suffer severe emotional and mental distress, and Chase is liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT EIGHT - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

85. Plaintiff incorporates by reference each and every paragraph above as if fully set forth herein.

86. Defendants' conduct, as described herein, was reckless and/or intentional, and performed

with disregard for the rights of Plaintiff.

87.     As a proximate consequence of Defendants' extreme and outrageous conduct, Plaintiff
        has been caused to suffer severe emotional, mental and physical distress, and Defendants
        are liable to Plaintiff for actual, compensatory, and punitive damages, costs and
        attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT NINE - DECLARATORY AND INJUNCTIVE RELIEF

88.     Plaintiff incorporates by reference each and every paragraph above as if fully set forth
        herein.

89.     A dispute exists as to whether Defendants have violated TILA, RESPA or state law.

90.     Plaintiff is entitled to injunctive relief, a declaratory judgment, and a determination that
        Defendants violated TILA, RESPA and state law.  Plaintiff is similarly entitled to an
        order enjoining said acts and, in addition, any foreclosure proceedings.

91.     Defendants' actions, omissions, and violations, as alleged herein, proximately caused
        Plaintiff to suffer great mental distress, mental and physical pain, embarrassment,
        humiliation, and Plaintiff will in the future to continue to suffer the same.

92.     As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual,
        compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs
        for time lost at work and litigating this matter.

### PRAYER FOR RELIEF

**WHEREFORE, THE PREMISES CONSIDERED**, Plaintiff respectfully prays that
judgment be entered against each and every Defendant, jointly and severally, by this Court for

the following:

    a)     Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

    b)     Award Plaintiff actual damages;

    c)     Award Plaintiff punitive damages;

    d)     Award Plaintiff statutory damages where applicable;

    e)     Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

    f)     Award Plaintiff reasonable attorney's fees and costs of this litigation; and

    g)     Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 11th day of November, 2009.

/s/

Anthony B. Bush (BUS028)
*Attorney for Plaintiff*
**Lewis, Bush & Faulk, LLC**
P.O. Box 5059 (36103)
400 South Union Street, Ste 230
Montgomery, Alabama 36104
(334) 263-7733     Phone
(334) 832-4390     Facsimile
anthonybbush@yahoo.com

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

**M & T BANK, INC.**
ONE M & T PLAZA
BUFFALO, NEW YORK 14203-2309

**MAGNOLIA FINANCIAL, LLC**
KELLY R. BRANTLEY
5748 CARMICHAEL PKY STE B
MONTGOMERY, AL 36117

**CHASE HOME FINANCE, LLC**
THE CORPORATION COMPANY
2000 INTERSTATE PARK DR STE 204
MONTGOMERY, AL 36109